IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TOM SCOTT                                                    PLAINTIFF

VS.                          CIVIL NO. 04-2229

JO ANNE B. BARNHART, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                              DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Tom Scott, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under the provisions of Titles II and XVI of the Social Security Act ("Act").

## Procedural Background:

The applications for DIB and SSI now before this court were filed on October 30, 2002, and October 8, 2003, respectively, alleging an onset date of May 1, 1999, due to bruxism/temporomandibular joint disease ("TMJ"), ninety percent hearing loss in the left ear, a torn anterior cruciate ligament ("ACL") in the right knee, generalized anxiety disorder, and obsessive-compulsive disorder. (Tr. 98-100, 131). An administrative hearing was held on January 15, 2004, and an unfavorable decision was entered. (Tr. 8-23).

At the time of the administrative hearing, plaintiff was thirty-nine years old and possessed a high school education with two years of college credit. (Tr. 98). His past work consisted of work as a restaurant owner/manager. (Tr. 132, 137, 144, 146-147, 164-171, 179, 194).

On April 29, 2004, the Administrative Law Judge ("ALJ"), issued a written decision finding that plaintiff suffered from a combination of severe impairments, but that those impairments did not

meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 22). After discrediting plaintiff's subjective allegations and concluding that plaintiff had a capacity for a full range of work activity without exertional limitations, the ALJ determined that plaintiff had a ninety percent hearing loss in his left ear, but could hear and understand face-to-face conversation and use the telephone with the right ear. Further, he concluded that plaintiff's anxiety/depression and obsessive compulsive disorder would require him to work in a setting where interpersonal contact was routine and superficial, the complexity of the tasks was learned and performed by experience, the use of judgment required was within limits, and the supervision required for routine matters was simple with detailed supervision necessary for non-routine matters. (Tr. 22-23). He then concluded that, although plaintiff's residual functional capacity ("RFC") did prevent him from performing his past relevant work ("PRW"), he maintained the ability to perform jobs such as a general office clerk, insurance claims clerk, and cashier II. (Tr. 23).

The Appeals Council declined to review this decision on September 24, 2004. (Tr. 4-7, 456-470). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned for report and recommendation. The plaintiff and Commissioner have filed appeal briefs, and the case is now ready for decision. (Doc. # 8, 9).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents his from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003), 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her

residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920 (2003).

## Discussion:

Of particular concern to the undersigned is the ALJ's RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id.*

In the present case, the ALJ determined that plaintiff could perform a full range of work activity without exertional limitation. (Tr. 22). However, on December 13, 2002, Dr. Jerry Thomas, a non-examining, consulting physician, completed a physical RFC assessment. (Tr. 285-293). After reviewing plaintiff's medical records, he concluded that plaintiff could lift fifty pounds occasionally and twenty-five pounds frequently; sit, stand, and walk for six hours during an eight-hour workday;

frequently balance, stoop, kneel, crouch, and crawl; and, occasionally climb. This was affirmed by Dr. Ronald Crow on March 5, 2003. (Tr. 292). As these limitations were not taken into consideration by the ALJ, we believe that the case should be remanded to allow the ALJ to reevaluate plaintiff's RFC. Accordingly, on remand, the ALJ is directed to specifically mention and discuss Dr. Thomas' conclusions.

Further, after reviewing the entire record, it appears that none of plaintiff's treating physicians have completed a mental or physical RFC assessment for the time period in question. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record). As such, on remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff regarding his mental and physical impairments, asking the physicians to review plaintiff's medical records; to complete a mental and physical RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore recommend that the denial of benefits to the plaintiff be reversed and this matter remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 13th day of December 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE